UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Amanda Faria</u>

   v.                                                Civil No. 16-cv-49-JD

<u>Lisa Scott and</u>
<u>Dominic M. Richardi</u>


**REPORT AND RECOMMENDATION**

On February 9, 2016, Amanda Faria, proceeding pro se, filed a complaint against Lisa Scott, the Register of Deeds of Carroll County, New Hampshire, and Dominic Richardi, the Sheriff of Carroll County, New Hampshire alleging various claims under federal law.  Doc. no. 1.  In short, the plaintiff alleges that as a result of various fraudulent acts conducted by Richardi and Scott, a sheriff's sale of real estate owned by Faria is scheduled to be held on February 11, 2016.  See Id.

Also on February 9, 2016, the plaintiff filed an emergency motion which the court interprets to be a motion for a temporary restraining order.  Doc. no. 2.  "To determine whether to issue a temporary restraining order, this Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction."  <u>Nw. Bypass Grp. v. U.S. Army Corps of Engineers</u>, 453 F. Supp. 2d 333, 337 (D.N.H. 2006).  Those factors are:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the

injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).  Under these factors, Faria must "make a 'clear showing' that [s]he is likely to succeed on the merits." Harihar v. Wells Fargo NA, No. CV 15-11880-ADB, 2015 WL 4275459, at *5 (D. Mass. July 15, 2015) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 21, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008)).  And, "[t]o warrant the more extraordinary relief of a temporary restraining order, [Faria] must demonstrate that her injury of loss is 'immediate and irreparable.'"  Hunter v. Judson, No. CV 15-30189-MGM, 2015 WL 7737332, at *4 (D. Mass. Dec. 1, 2015) (citing Fed. R. Civ. P. 65(b)).

    Having reviewed the entirety of the plaintiff's written submission, the plaintiff's motion does not satisfy the requirements for a temporary restraining order under Rule 65(b). Other than bare assertions of fraud and violations of numerous federal claims, the plaintiff makes no specific claims regarding the invalidity of the scheduled sheriff's sale.  Further, based on the record, the Court cannot gauge adequately whether the harm to Faria outweighs the harm to the Defendants, and whether the public interest would be harmed.

**Conclusion**

Based on the foregoing, the plaintiff's motion for an emergency hearing (doc. no. 2) should be denied.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 9, 2016

cc: Amanda Faria, Pro Se