```
            UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

Amanda Faria

   v.                                    Civil No. 16-cv-049-JD

Lisa Scott and
Dominic M. Richardi


O R D E R

    Amanda Faria, proceeding pro se, brought suit against Lisa Scott, the Register of Deeds in Carroll County, New Hampshire, and Dominic Richardi, the Sheriff of Carroll County.  She alleged that Scott and Richardi conspired to deprive her of her due process rights through actions taken related to an attachment or mechanics lien on Faria's property.  The same day, Faria filed an emergency motion for a hearing on her request for injunctive relief.

    The magistrate judge reviewed the filings and issued a report and recommendation to deny the motion for an emergency hearing, which she construed to be a motion for a temporary restraining order.  The magistrate judge concluded that Faria had not met the requirements of Federal Rule of Civil Procedure 65(b) and recommended that the motion be denied.  Within the time allowed to object to the report and recommendation, Faria filed a

document titled "Verified Petition, Complaint, and Claim in the Nature of a Compliant [sic] for Conspiracy against Rights Reserved and Protected by the Constitution of the United States of America and for Injunctive, Declaratory Relief under 42 USC 1983" and "The Court Asks How I Shall Prevail.  Two Pages to Explain.  Exhibits 1-6."  The court construes the filing as Faria's objection to the report and recommendation and docketed it accordingly.[1]

The court conducts a de novo review of those portions of the magistrate judge's report and recommendation to which an objection is filed.  28 U.S.C. § 636(b)(1).  In her objection, Faria states that Jeffery Dugas of Dugas Builders did work on her house and that she paid him $17,084.20.  She asserts that the work was done improperly.  Faria refers to a court proceeding in which Dugas testified about the work done and to a letter from Anthony D. Coviello, P.E. of Summit Engineering, PLLC about his inspection of the property.[2]  Faria also states that she told

---

[1] Faria may have titled the filing as she did in an effort to provide a verified complaint in support of her request for emergency relief.  The filing was not signed under oath, however, and therefore was not verified.  See 28 U.S.C. § 1746.

[2] Faria submitted a notice of sheriff's sale with her complaint that states that a writ of execution was issued against Faria and in favor of Dugas Builders, LLC by the 3rd Circuit-District Division-Ossippee Court.

Scott that the mechanics lien filed in the registry of deeds was fraudulent.

Faria apparently intends to show that she is dissatisfied with the work Dugas did on her house and that she challenges a mechanics lien on her property. She asserts that her objection shows that she is likely to succeed on the merits of her claims.

To succeed on a request for a temporary restraining order, however, Faria must "clearly show" through "specific facts in an affidavit or a verified complaint . . . that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Faria has not clearly shown what injury, loss, or damage will result before Scott and Richardi can be heard in opposition.[3] She also has not clearly shown that any injury, loss, or damage will be irreparable. In addition, Faria has not shown what efforts were made to give notice to the opposing parties. Therefore, Faria has not met the standard of Rule 65(b).[4]

---

[3] The notice of sheriff's sale states that Faria's property was to be sold at public auction on February 11, 2016, at 10:00 am. If the sale occurred as the notice indicates, any request to enjoin the sale is now moot.

[4] In addition, because her claims are against Scott and Richardi, she has not shown that her complaints about Dugas's work and her challenges to Dugas Builders' mechanic's lien demonstrate a likelihood of success on the merits. See Adams v. Landry, 2015 WL 9067401, at *1-*2 (D. Me. Aug. 31, 2015).

<u>Conclusion</u>

For the foregoing reasons, the report and recommendation (document no. 4) is approved. The motion for an emergency hearing (document no. 2) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

March 1, 2016

cc: Amanda Faria, pro se