UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Amanda Faria

   v.                                      Civil No. 16-cv-049-JD

Lisa Scott, Carroll County Register
of Deeds, and Dominic M. Richardi,
Carroll County High Sheriff


**REPORT AND RECOMMENDATION**

   Pro se plaintiff Amanda Faria has filed a complaint (doc. no. 1) and a verified complaint (doc. no. 5) seeking damages, pursuant to 42 U.S.C. § 1983, alleging that defendants violated her due process rights, her rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and New Hampshire statutes.[1]  The matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

---

[1] Faria, in her initial complaint, sought a temporary restraining order, which was denied on March 1, 2016.  See Doc. No. 7 (approving Feb. 9, 2016, R&R (doc. no. 4)).  Faria has not asserted any claim for permanent injunctive relief.

**Preliminary Review Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**Background**[2]

Although the complaint does not present a clear narrative of events underlying Faria's action, the court understands the facts asserted to be as follows. Faria and a third party, Thomas W. Lyle, Jr., own property at 192 Lovell Lake Road in

---

[2] The court construes the factual assertions in both the complaint (doc. no. 1) and verified complaint (doc. no. 5), and the exhibits attached to both of those documents, to be part of the complaint for purposes of conducting preliminary review.

2

Wakefield, New Hampshire.  On September 22, 2014, Dugas Builders, LLC ("Dugas") filed a "Petition/Motion for Ex Parte Attachment" against Faria and Lyle in state court, seeking to perfect a mechanic's lien on the Lovell Lake Road property and to obtain a writ of attachment, pursuant to state law.  See Dugas Builders, LLC v. Faria, No. 464-2014-cv-123, (N.H. Cir. Ct., 3rd Cir., Dist. Div., Ossipee).  On August 11, 2015, that court issued a writ of attachment for Dugas, for recovery of a debt in the amount of $15,320.98.  On December 3, 2015, the court issued a Writ of Execution for the August 11, 2015, judgment.  A levy was accomplished against the Lovell Lake Road property at the Carroll County Registry of Deeds on December 28, 2015.  The state court directed the Carroll County Sheriff to collect upon the Writ of Execution and the levy.

    A Sheriff's sale of the property was scheduled for February 11, 2016.  Prior to that date, Faria attempted to file papers with Domenic M. Richardi, the Carroll County High Sheriff, and Lisa Scott, the Carroll County Register of Deeds.  These documents included, among other things, two affidavits signed by Faria containing arguments and "evidence" that, she alleges, demonstrate that the state court judgment underlying the Writ of

3

Execution, levy, and Sheriff's sale of the Lovell Lake Road property, were incorrect under the law, and that the judgment in favor of Dugas was based on fraudulent evidence presented to the state court. It seems Faria expected that Richardi and Scott would accept those documents, agree that the judgment was void, and stop attempts to collect on the judgment, including the Sheriff's sale. Faria also asserts that Scott was required to accept the documents under state law. Scott declined to accept the documents and advised Faria to seek relief in the court that issued the judgment.

## Discussion

Faria claims that defendants violated her rights when they registered and executed a state court judgment against her property, on the basis that the state court judgment upon which they acted was wrong, and based on false evidence. "[A]ctors in the judicial system who are authorized to perform quasi-judicial functions by law" enjoy the same absolute immunity from a § 1983 suit for damages as does a judge acting within its jurisdiction. Schofield v. Johnson, No. 08-11787-RGS, 2009 WL 1137917, at *1, 2009 U.S. Dist. LEXIS 37466, at *3 (D. Mass. Apr. 28, 2009)

4

(citing Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993)).  "'The policy justifying an extension of absolute immunity in these circumstances is to prevent court personnel and other officials from becoming a lightning rod for harassing litigation aimed at the court.'"  Schofield, 2009 WL 1137917, at *1, 2009 U.S. Dist. LEXIS 37466, at *3-*4 (quoting Richman v. Sheahan, 270 F.3d 430, 435 (7th Cir. 2001)); see also Whiting v. Kirk, 960 F.2d 248, 253 (1st Cir. 1992) ("'police officers, sheriffs, and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damages'" (citation omitted)); Smith v. Laster, 787 F. Supp. 2d 315, 319 (D. Del. 2011) (recorder of deeds acting pursuant to court order entitled to absolute quasi-judicial immunity); Addison v. Pearlman, No. CA 206-3403-HFF-RSC, 2006 WL 3843616, at *3, 2006 U.S. Dist. LEXIS 94583, at *11 (D.S.C. Dec. 12, 2006) (Register of Deeds entitled to quasi-judicial immunity for recording judicial decree or court order).  Cf. Surprenant v. Mulcrone, 163 N.H. 529, 531, 44 A.3d 465, 467 (2012) ("'Absolute judicial immunity [to state law damages claims] attaches when a [guardian ad litem] GAL performs certain delegated duties because of the

5

intimate relationship between the GAL and the court in the judicial process.'" (citation omitted)).

Richardi and Scott, in performing the acts that Faria claims violated her rights, were acting in compliance with a court order.  Accordingly, defendants enjoy absolute immunity from this damages action, and all claims for damages against them should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 23, 2016

cc: Amanda Faria, pro se

6